IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg Division

STEVEN YOUNG, Personal Representative of
The Estate of Logan Young, Deceased,

    Plaintiff,

vs.
                                Civil Action No. 3:22-CV-219 (Groh)

JOHN DOE #1; JOHN DOE #2;
JOHN DOE #3; JOHN DOE #4;
BAKER HEIGHTS VOLUNTEER FIRE DEPARTMENT, INC.;
BERKELEY COUNTY COUNCIL;
DAVID SPAIN; and
THE 167TH AIRLIFT WING OF THE WEST VIRGINIA
AIR NATIONAL GUARD FIRE DEPARTMENT,

ELECTRONICALLY FILED
Dec 22 2022
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT FOR WRONGFUL DEATH

COMES NOW the Plaintiff, Steven Young, Personal Representative of the Estate of Logan Young, deceased, by counsel, and for his Complaint, states as follows:

1. Plaintiff is the duly qualified Personal Representative of the Estate of Logan Young, Deceased.

2. Prior to his death, United States Air Force Staff Sergeant Logan Young was a citizen of the Commonwealth of Virginia.

3. Staff Sergeant Young was a nine year combat veteran of the United States Air Force who served his country in Japan, England, and the Middle East, and was awarded the Air Force Outstanding Unit Award, Air Force Good Conduct Medal with one Oak Leaf Cluster, Air Reserve Forces Meritorious Service Medal, National Defense Service Medal, Global War on Terror Expeditionary Medal, Global War on Terrorism Service Medal, Air Force

Overseas Ribbon Long with one Oak Leaf Cluster, Air Force Expeditionary Service Ribbon with Gold Border, Air Force Expeditionary Service Ribbon, Air Force Longevity Service, USAF NCO PME Graduate Ribbon, Small Arms Expert Marksmanship Ribbon (Rifle), and the Air Force Training Ribbon, and was recognized by the West Virginia Senate as a hero.

4. At all material times, Staff Sergeant Young was a firefighter in the 167th Airlift Wing of the West Virginia Air National Guard Fire Department.

5. Defendant John Doe #1 is an unknown individual who has concealed his actual identity.

6. Defendant John Doe #1 committed tortious acts in Berkeley County, West Virginia.

7. Defendant John Doe #2 is an unknown individual who has concealed his actual identity.

8. Defendant John Doe #2 committed tortious acts in Berkeley County, West Virginia.

9. Defendant John Doe #3 is an unknown individual who has concealed his actual identity.

10. Defendant John Doe #3 committed tortious acts in Berkeley County, West Virginia.

11. Defendant John Doe #4 is an unknown individual who has concealed his actual identity.

12. Defendant John Doe #4 committed tortious acts in Berkeley County, West Virginia.

13. Defendant Baker Heights Volunteer Fire Department, Inc., is a West Virginia corporation.

14. Defendant Berkeley County Council is a West Virginia political subdivision.

15. Defendant 167th Airlift Wing of the West Virginia Air National Guard Fire Department is an agency of the State of West Virginia.

16. Defendant David Spain is a citizen and resident of West Virginia.

17. This Court has diversity jurisdiction under 28 U.S.C. §1332 because the Plaintiff's decedent was a resident of Virginia, and all known Defendants are residents of, or entities

with their principal places of business in, West Virginia, and because Plaintiff's claim exceeds $75,000.00.

18. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because the known Defendants reside in, or maintain their principal places of business in, this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

19. In the early morning hours of December 27, 2020, Defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4, or one of them, ignited a fire in a barn located at 3801 Charles Town Road, Martinsburg/Kearneysville, Berkeley County, West Virginia.

20. After igniting the fire, Defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4 fled the scene of the fire and thereafter concealed their identities.

21. As a result of the fire ignited by Defendants John Doe #1, John Doe #2, John Doe #3, and/or John Doe #4, Berkeley County Emergency Communications dispatched Defendant Baker Heights Volunteer Fire Department, Inc., at 1:59 a.m.

22. The location of the fire at 3801 Charles Town Road was within the First Response Area of Defendant Baker Heights Volunteer Fire Department, Inc.

23. At 2:02 a.m., the Fire Chief of Defendant Baker Heights Volunteer Fire Department, Inc., requested the assistance of 167th Airlift Wing of the West Virginia Air National Guard Fire Department, pursuant to a Mutual Aid Agreement.

24. Pursuant to the Mutual Aid Agreement, the firefighters from the 167th Airlift Wing of the West Virginia Air National Guard, including Staff Sergeant Young, were dispatched to the scene of the fire.

25. An officer of Defendant Baker Heights Volunteer Fire Department, Inc., assumed command of the scene at 2:09 a.m. Thereafter, at all material times, the officer of Defendant Baker Heights Volunteer Fire Department, Inc., was the Incident Commander.

26. Upon arrival at 2:09 a.m., the Incident Commander recognized that the barn was fully engulfed.

27. At 2:10 a.m., the Incident Commander advised of structure collapse.

28. At approximately 2:34 a.m., Staff Sergeant Young was engaged in advance hose line/fire attack activity when a beam fell from the burning structure and landed on Staff Sergeant Young, killing him.

### Count 1 – Wrongful Death Against John Doe #1, John Doe #2, John Doe #3, and John Doe #4

29. Defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4, or one of them, trespassed on the barn structure located at 3801 Charles Town Road and negligently, recklessly, or intentionally ignited the fire on December 27, 2020.

30. Defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4 shared a common plan of concerted action in unlawfully igniting the fire, such that they may be considered to be acting in a joint enterprise and a civil conspiracy.

31. As a direct and proximate result of the conduct of Defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4, Staff Sergeant Young was killed.

32. The West Virginia Office of the State Fire Marshal initiated an investigation into the identity/identities of those responsible for the fire. The investigation is still pending. As a result, Plaintiff is unable to determine any further detail about the cause of the fire and the actions of Defendants John Doe #1, John Doe #2, John Doe #3, and John Doe #4.

33. Staff Sergeant Young is survived by his daughter, his fiancée, his parents, and his siblings.

34. As a direct and proximate result of the death of Staff Sergeant Young, his statutory beneficiaries suffered sorrow, mental anguish, solace (including loss of society, companionship, comfort, guidance, kindly offices, and advice), lost reasonably expected income and services, protection, care, and assistance, and incurred funeral expenses.

### Count 2 – Wrongful Death as a Result of Negligence by Baker Heights Volunteer Fire Department, Inc.

35. Plaintiff restates paragraphs 1 through 34.

36. The Incident Commander of the fire scene was an officer of Defendant Baker Heights Volunteer Fire Department, Inc.

37. At the scene of the fire, the firefighters of the 167th Airlift Wing of the West Virginia Air National Guard Fire Department, including Staff Sergeant Young, were subject to the orders of the Incident Commander.

38. At the scene of the fire, the Incident Commander had a duty to:

　　a. Perform situation evaluation that includes risk assessment;

　　b. Appoint a Safety Officer to monitor conditions and operations;

　　c. Determine the life safety profile of the incident and assess the survivability profile for fire fighters when determining whether offensive or defensive operations should be conducted;

　　d. Perform an initial size-up that considers the type and condition of the structure and location of the fire and any indications of potential structural weakness or collapse;

　　e. Recognize the high probability of internal and external collapse of the heavy timber construction and establish defensive operations;

　　f. Clearly notify all fire fighters that operations were to be defensive only;

　　g. Establish and control collapse zones and make their boundaries clear;

    h. Direct the transmission of an audible alert to notify fire fighters to abandon the structure when the conditions became unsafe;

    i. Conduct a personal accountability report to ensure that all fire fighters had abandoned the structure and removed to safe positions;

    j. Continuously monitor the collapse zone perimeters to ensure no one enters the collapse zone;

    k. Ensure that personnel safety systems have been established including a personal accountability system; and

    l. Take such other actions as were reasonable and necessary under the circumstances for fire fighter safety.

39. The duties set forth in the preceding paragraph are not duties imposed for the purpose of fire protection or a method of fire protection. Rather, they are duties imposed for the purpose of fire fighter safety and for the method of protecting fire fighters from injury.

40. In addition to the duties set forth above, Defendant Baker Heights Volunteer Fire Department, Inc., owed a special duty to Staff Sergeant Young.

41. Specifically, Defendant Baker Heights Volunteer Fire Department, Inc., assumed an affirmative duty to act for the protection of fire fighters from the 167th Airlift Wing of the West Virginia Air National Guard Fire Department, including Staff Sergeant Young, by virtue of the Mutual Aid Agreement.

42. Baker Heights Volunteer Fire Department, Inc., knew that inaction by its agents at the scene of a fire to take proper action to protect fire fighters could lead to harm.

43. The Incident Commander had direct contact with fire fighters from the 167th Airlift Wing of the West Virginia Air National Guard Fire Department, including Staff Sergeant Young, by virtue of the radio communications occurring at the scene.

44. The fire fighters of the 167th Airlift Wing of the West Virginia Air National Guard Fire Department, including Staff Sergeant Young, relied on the Incident Commander to take such actions and make such orders as were necessary to protect their safety at the scene of the fire.

45. At the scene of the fire, the Incident Commander breached his duties as set forth above by:

   a. Failing to perform, or negligently performing, a situation evaluation that includes risk assessment;

   b. Failing to appoint a Safety Officer to monitor conditions and operations;

   c. Failing to determine, or negligently determining, the life safety profile of the incident and assess the survivability profile for fire fighters when determining whether offensive or defensive operations should be conducted;

   d. Failing to perform, or negligently performing, an initial size-up that considers the type and condition of the structure and location of the fire and any indications of potential structural weakness or collapse;

   e. Failing to recognize the high probability of internal and external collapse of the heavy timber construction and establish defensive operations;

   f. Failing to clearly notify all fire fighters that operations were to be defensive only;

   g. Failing to establish and control collapse zones and make their boundaries clear;

   h. Failing to direct the transmission of an audible alert to notify fire fighters to abandon the structure when the conditions became unsafe;

      i. Failing to conduct a personal accountability report to ensure that all fire fighters had abandoned the structure and removed to safe positions;

      j. Failing to continuously monitor the collapse zone perimeters to ensure no one enters the collapse zone;

      k. Failing to ensure that personnel safety systems have been established including a personal accountability system; and

      l. Failing to take such other actions as were reasonable and necessary under the circumstances for fire fighter safety.

46. In addition to its vicarious responsibility for the negligent conduct of its agent, Defendant Baker Heights Volunteer Fire Department, Inc., was negligent by virtue of its failure to train its officer so that he was aware of his responsibilities as Incident Commander.

47. Moreover, Defendant Baker Heights Volunteer Fire Department, Inc, was negligent by virtue of its failure to supervise the conduct of its officer as the Incident Commander to ensure that he fulfilled his responsibilities as Incident Commander.

48. As a direct and proximate result, Staff Sergeant Young suffered fatal injuries.

49. Staff Sergeant Young is survived by his daughter, his fiancée, his parents, and his siblings.

50. As a direct and proximate result of the death of Staff Sergeant Young, his statutory beneficiaries suffered sorrow, mental anguish, solace (including loss of society, companionship, comfort, guidance, kindly offices, and advice), lost reasonably expected income and services, protection, care, and assistance, and incurred funeral expenses.

**Count 3 – Wrongful Death as a Result of Negligence of Berkeley County Council**

51. Plaintiff re-states paragraphs 1 through 50.

52. Upon information and belief, Staff Sergeant Young's death was not the first time a fire fighter in Berkeley County had suffered injury as a result of an engulfed structure collapsing on a fire fighter who was not protected by the establishment of a collapse zone.

53. Because of the prior incident, Defendant Berkeley County Council knew that the fire departments under the control of its constituent agencies were failing to adequately train their members who served as Incident Commanders to create collapse zones for the safety of fire fighters, were failing to establish effective systems of personal accountability, and were failing to appropriately prepare and train for mutual aid situations.

54. Defendant Berkeley County Council, through its constituent agencies, had a duty to reasonably supervise and train the fire departments under its control for the protection of fire fighters.

55.  Defendant Berkeley County Council, through its constituent agencies, breached that duty.

56. As a direct and proximate result of the breach of duty by Defendant Berkeley County Council, the Incident Commander on December 27, 2020, committed the negligent acts described herein, and Staff Sergeant Young suffered fatal injuries.

57. Staff Sergeant Young is survived by his daughter, his fiancée, his parents, and his siblings.

58. As a direct and proximate result of the death of Staff Sergeant Young, his statutory beneficiaries suffered sorrow, mental anguish, solace (including loss of society, companionship, comfort, guidance, kindly offices, and advice), lost reasonably expected income and services, protection, care, and assistance, and incurred funeral expenses.

### Count 4 – Wrongful Death as a Result of Reckless and Wanton Conduct of David Spain

59. Plaintiff re-states paragraphs 1 through 58.

60. Defendant David Spain was the Incident Commander oat the scene of the fire.

61. The actions and omissions of Defendant David Spain were wanton and reckless.

62. Specifically, Defendant Spain was aware that the structure fire was fully involved and that the structure was already collapsing upon his arrival, yet disregarded the known and obvious risk that the large burning structure would imminently collapse and the high probability that harm would follow, and instead unreasonably disregarded that risk by failing to clearly establish the defensive nature of fire fighting efforts and by failing to establish and enforce a collapse zone. Defendant Spain's actions demonstrated a conscious indifference to the consequences, as the structure collapsed on Staff Sergeant Young, who was apparently performing offensive fire fighting tactics within the area that would have been an appropriately established collapse zone, twenty-four minutes after Defendant Spain knew that the structure was collapsing.

63. As a direct and proximate result, Staff Sergeant Young suffered fatal injuries.

64. Staff Sergeant Young is survived by his daughter, his fiancée, his parents, and his siblings.

65. As a direct and proximate result of the death of Staff Sergeant Young, his statutory beneficiaries suffered sorrow, mental anguish, solace (including loss of society, companionship, comfort, guidance, kindly offices, and advice), lost reasonably expected income and services, protection, care, and assistance, and incurred funeral expenses.

### Count 5 – Wrongful Death as a Result of Deliberate Intent by 167th Airlift Wing of the West Virginia Air National Guard Fire Department

66. Plaintiff re-states paragraphs 1 through 65.

67. At all material times, Staff Sergeant Young was an employee of Defendant 167th Airlift Wing of the West Virginia Air National Guard Fire Department.

68. A specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death. Specifically, the burning

structure was collapsing upon the arrival of Defendant 167th Airlift Wing of the West Virginia Air National Guard Fire Department, including Staff Sergeant Young, and the Incident Commander had failed to order defensive operations only and had failed to establish a collapse zone.

69. At that time, and prior to the fatal injury to Staff Sergeant Young, Defendant 167th Airlift Wing of the West Virginia Air National Guard Fire Department had actual knowledge of the existence of the specific unsafe working condition by virtue of the emergency communications notification that the structure was collapsing and by virtue of the absence of any order for defensive operations through emergency communications and the absence of any established collapse zone upon arrival. Defendant 167th Airlift Wing of the West Virginia Air National Guard Fire Department is also charged with knowledge of the specific unsafe working condition because of its non-delegable duty to conduct a size-up upon arrival at the scene of a structure fire to detect indications of potential structural weakness or collapse for the protection of its members. Moreover, Defendant 167th Airlift Wing of the West Virginia Air National Guard Fire Department knew of the high and strong probability of serious injury or death presented by the specific unsafe working condition.

70. The specific unsafe working condition—the burning and collapsing structure in the environment of an incident command that had failed to order defensive operations only and had failed to establish a collapse zone—was a violation of a commonly accepted and well-known safety standard within the industry.

71. The National Institute for Occupational Safety and Health, an arm of the United States Department of Health and Human Services Center for Disease Control and Prevention,

which conducts a Fire Fighting Fatality Investigation and Prevention Program, has published a white paper specifically recommending that defensive operations and a collapse zone be established where there is potential for a structural collapse.

72. The guidelines for acceptable levels of risk set forth by the United States Fire Administration, an arm of the United States Department of Homeland Security Federal Emergency Management Agency, include the clear guideline that no risk to the safety of members shall be acceptable when there is no possibility to save lives or property.

73. National Fire Protection Association guidelines state that the officers of a specific company shall maintain an ongoing awareness of the location and condition of all company members.

74. Notwithstanding the specific unsafe working condition, Staff Sergeant Young was operating advanced hose lines in an offensive mode of fire attack within the bounds of any reasonable collapse zone, had one been established. This action directly exposed Staff Sergeant Young to the specific unsafe working condition posed by the collapsing structure.

75. As a direct and proximate result of his exposure to the specific unsafe working condition, Staff Sergeant Young suffered fatal injuries.

76. The NIOSH Fire Fighting Fatality Investigation and Prevention Programs has conducted an investigation of the circumstances of Staff Sergeant Young's death. Its report is pending. Due to the pending nature of the report, Plaintiff has been unable to obtain certain specific information about the actions, decisions, and failings that led to Staff Sergeant Young's death.

77. As a direct and proximate result, Staff Sergeant Young suffered fatal injuries.

78. Staff Sergeant Young is survived by his daughter, his fiancée, his parents, and his siblings.

79. As a direct and proximate result of the death of Staff Sergeant Young, his statutory beneficiaries suffered sorrow, mental anguish, solace (including loss of society, companionship, comfort, guidance, kindly offices, and advice), lost reasonably expected income and services, protection, care, and assistance, and incurred funeral expenses.

80. With respect to Count 5 of his Complaint, Plaintiff seeks no recovery from state funds and rather alleges that recovery is sought under and up to the limits of the State's liability insurance coverage.

WHEREFORE, Plaintiff demands that the Court enter judgment in his favor against the Defendants, jointly and severally for compensatory damages in this matter and for costs incurred and pre and post judgment interest; and that the Court grant unto the Plaintiff such other further relief as to the court may seem just and right.

PLAINTIFF DEMANDS A TRIAL BY JURY.

STEVEN YOUNG,
as Personal Representative of the
Estate of Logan Young, Deceased,
Plaintiff, by counsel

/s/ Peter A. Pentony
Peter A. Pentony (WV Bar #7769)
peter@williamsfordlaw.com
WILLIAMSFORD
101 Loudoun Street SW
Leesburg, VA 20175
(703) 777-6535