IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

STEVEN YOUNG,
Personal Representative of the
Estate of Logan Young, deceased,

    Plaintiff,

v.        CIVIL ACTION NO.: 3:22-CV-219
        (GROH)

DAVID SPAIN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
AND GRANTING DAVID SPAIN'S MOTION FOR LEAVE TO FILE ANSWER**

As the Court has previously noted, this case involves the tragic death of a young man who selflessly served his country. Staff Sergeant Young was a nine-year United States Air Force combat veteran, serving in multiple countries. He was a firefighter in the 167th Airlift Wing of the West Virginia Air National Guard in Martinsburg, West Virginia. He died when a beam fell on him while engaged in an advanced fire attack of a barn fire. The facts—and loss of life—underlying this case are not lost on the Court.

    **I.**    **Plaintiff's Motion for Default Judgment is denied.**

Plaintiff filed a Complaint against numerous Defendants on December 22, 2022. ECF No. 1. After several Motions to Dismiss were filed, and subsequently denied without prejudice, the Plaintiff filed an Amended Complaint with leave of Court on June 22, 2023.

ECF No. 39. Thereafter, Defendant Spain filed an Amended Motion to Dismiss. ECF No. 44. On February 14, 2024, the Court entered an Order denying Defendant Spain's Motion to Dismiss. ECF No. 83. On April 1, 2024, the Plaintiff filed a Motion for Default Judgment. ECF No. 89. A few hours later, Defendant Spain filed a Response in Opposition to the Motion [ECF No. 91] and a Motion for Leave to File an Answer. ECF No. 92.

Although Defendant Spain failed—for a little over a month—to file an answer after his Motion to Dismiss was denied, it is clear to the Court that default judgment is not warranted here. This Court has addressed default judgment in multiple cases:

> After a defendant fails to plead or defend, Federal Rule of Civil Procedure 55 provides for a two-step default judgment process. Rodriguez v. Irwin, No. 7:10–CV–102–FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). First, under Rule 55(a), "the clerk must enter the party's default" upon the plaintiffs request.
>
> Meehan, 652 F.2d at 276; see also Hayhurst v. Liberty Int'l Underwriters, Inc., No. 5:08CV107, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 26, 2009) ("To obtain a default judgment, a party *must first seek an entry of default* under Federal Rule of Civil Procedure 55(a)." (emphasis added)). Only after the clerk enters a default may the plaintiff seek a default judgment under Rule 55(b)(1) or (2). Fed. R. Civ. P. 55(b); see also Rodriguez, 2011 WL 737316, at *5. If the defendant has failed to appear and "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff can request a default judgment from the clerk under Rule 55(b)(1). Fed. R. Civ. P. 55(b)(1): see also Rodriguez, 2011 WL 737316, at *5. If that is not the case, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).
>
> Here, the Plaintiff did not seek an entry of default under Rule 55(a) before filing the instant motion for default judgment. Because compliance with Rule 55(a) is a prerequisite for an entry of judgment under Rule 55(b)(1) or (2), this motion is "not on the proper procedural footing." See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995); see also Christenson Media Group, Inc. v. Lang Indus., Inc., 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (stating that "Fed. R. Civ. P. 55 contemplates a two-step process in which a plaintiff must first apply to the clerk for entry of default under subsection (a)"); L & M Companies, Inc. v. Biggers III Produce, Inc., No. 3:08cv309–RJC–DCK, 2010 WL 1439411, at *5

(W.D.N.C. Apr. 9, 2010) (noting that the clerk's entry of default is a prerequisite to the entry of a default judgment). For this reason, the Court **DENIES WITHOUT PREJUDICE** the Plaintiff's Motion for Default Judgment.

State Farm Mut. Auto. Ins. Co. v. Nelson, No. 3:13-CV-181, 2014 WL 12707542, at *1 (N.D. W. Va. Feb. 28, 2014).

Here, the Plaintiff failed to follow the correct procedure, and for those same reasons outlined above, the Motion for Default Judgment is **DENIED**. ECF No. 89. Defendant Spain's Motion for Leave to File Surreply is **DENIED**. ECF No. 97.

Moreover, given the procedural history and the posture of the case—the parties were engaged in discovery, and Defendant Spain was clearly defending the suit when Plaintiff filed this Motion—the Court cautions Plaintiff's counsel to review Rule 1 of the Federal Rules of Civil Procedure.

## II. Defendant's Motion for Leave to File an Answer is granted.

The Court has reviewed Defendant Spain's Motion for Leave to File an Answer to the Amended Complaint and finds good cause to grant the same for the reasons stated therein. The Motion for Leave is **GRANTED** [ECF No. 92] Accordingly, **Defendant Spain shall file his Answer within seven days of the entry of this Order**.

## III. Plaintiff's Motion for Partial Summary Judgment is denied.

In his motion for partial summary judgment, the Plaintiff advances two main arguments: He is entitled to summary judgment regarding Defendant Spain's 1) notice of nonparty fault; and 2) assertions of contributory negligence against Logan Young. See ECF No. 105 at 11. For the following reasons, the Plaintiff's Motion is denied.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). All that is required is that "sufficient evidence supporting the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249.

The Plaintiff contends West Virginia's "comparative fault statute is a procedural law that should not be applied in federal court." ECF No. 105 at 3. This argument is without merit. Courts in this District have regularly and consistently permitted parties to utilize West Virginia Code § 55-7-13a-d as substantive law.

In ruling on the sufficiency of a notice's identification of a party, Judge Bailey recounted a prior decision where the Court "found that a defendant could identify a non-party at fault who was otherwise immune from liability. The Court also found that *the timing requirement* imposed by W.Va. Code § 55-7-13d was procedural, not substantive, and is inapplicable in federal court. McCardle v. XCL Midstream Operating, LLC, No. 5:19-CV-143, 2021 WL 4997618, at *2 (N.D. W. Va. Oct. 27, 2021)[1] (emphasis added) (citing Metheney v. Deepwell Energy Servs., LLC, No. 5:20-CV-54, 2021 WL 2668821, at *7 (N.D. W. Va. June 29, 2021).

Chief Judge Kleeh's well-reasoned decision in Taylor v. Wallace Auto Parts & Servs., Inc. provides a helpful analysis in this case:

> The language of section 55-7-13d indicates that the Legislature contemplated a set of circumstances where a nonparty might be included on the verdict form despite its immunity . . . . The claims here are governed by section 55-7-13d, which, as noted above, preserves immunities and defenses. The statute, at its core, seeks to establish by jury trial the truest and most accurate assessment of fault possible, but that finding is limited in its scope. Only **parties** to the case have their **liability** established by that apportionment. Non-parties are not bound nor can they be bound by any aspect of any verdict rendered pursuant to section 55-7-13d. See W. Va. Code § 55-7-13d(a)(5).

---

[1] Plaintiff notes that Pledger v. Lynch, 5 F.4th 511 (4th Cir. 2021) was decided after the cases cited by Defendant Spain in his response; one of those cited cases is Metheney. However, the Court notes that Judge Bailey's Order in McCardle was entered after Pledger. Judge Bailey presided over Pledger and was surely aware of the Fourth Circuit's decision in that case when he wrote the McCardle Order.

No. 2:19-CV-27, 2020 WL 1316730, at *2 (N.D. W. Va. Mar. 19, 2020). Simply stated, the statute is not procedural. Although portions of the statute, like the timing requirement, may be procedural, the part Plaintiff challenges here, is substantive.

Next, the Plaintiff contends that even if the nonparty fault statute is substantive rather than procedural, it still does not apply here because the West Virginia Governmental Tort Claims and Insurance Reform Act governs the apportionment of fault. The Court reads these statutes differently and without conflict. As Defendant Spain's response points out, the statutes are addressing different, but related, issues. "Defendant seeks, pursuant to a clear and applicable statute, to have the fault assessed in this case among all persons or parties who may have contributed to the incident made subject of this litigation. Such is Defendant's right under section 55-7-13d." Taylor, at *3.

Plaintiff incorrectly states, "the statute contemplates only 'defendants' being included in the appointment of fault." ECF No. 105 at 5. The word "fault" does not appear in West Virginia Code § 29-12A-7. Indeed, the relevant subsection Plaintiff points to discusses the procedure for a court entering judgment. This is entirely different from the jury's fault determination, which is covered in §55-7-13d. Thus, no conflict exists between the application of these statutes. It is worth noting that the Supreme Court of Appeals of West Virginia approvingly cited and incorporated this District's Taylor and Metheney decisions in reversing a state trial court's order striking a notice of nonparty fault because the entity named in the notice enjoyed statutory immunity. State ex rel. Mar.-Westin Co., Inc. v. Gaujot, 247 W. Va. 283, 879 S.E.2d 770, 771 (2022).[2] To the extent Plaintiff seeks

---

[2] "In assessing percentages of fault under West Virginia Code § 55-7-13d (eff. 2016), the trier of fact must consider the fault of all persons who contributed to the alleged damages regardless of whether

6

to avoid Martinsburg Fire Department or Lieutenant Pappas appearing on the verdict form, the motion is denied.

Next, Plaintiff argues that he is entitled to summary judgment on the affirmative defenses of contributory negligence and comparative negligence. Specifically, Plaintiff relies upon Defendant Spain's failure to timely file his Answer. As explained above, the Court denied the Motion for Default Judgment and granted Defendant Spain's motion to file his Answer out of time. Although the Court appreciates why Plaintiff made this argument, the Court finds it is of no moment. There is a preference for cases to be decided on their merits, and nothing exists in this case counseling the Court to do otherwise.

To the extent the motion is based upon a lack of evidence, the Court cannot make that finding. Instead, the Court finds genuine disputes as to material facts exist in this case. These disputes must be resolved by a jury. Specifically, there is testimony and evidence in the record at odds with the Plaintiff's argument that Defendant Spain was solely responsible for Logan Young's death. Therefore, summary judgment is not appropriate, and Plaintiff's Motion is denied.

### IV.     Defendant Spain's Motion for Summary Judgment is denied.

Defendant Spain correctly acknowledges, "[t]he only way to circumvent a dismissal of a claim is if the Plaintiff can prove exceptions under §29-12A-5(b)." ECF No. 113 at 17. However, Defendant Spain also claims the Plaintiff pled "no facts which support a claim that Captain Spain acted with malicious purpose or in a wanton or reckless manner so as to circumvent immunity." Id. If this were an accurate statement, the Court would have granted Defendant Spain's motion to dismiss; however, it was denied because sufficient

---

immunity or some other principle of law would prevent such a person from being named as a party to the suit." Id. at Syl. pt. 2.

facts were pled. Now, having reviewed the exhibits and arguments presented by the parties, the Court finds there exist genuine disputes as to material facts in this case.

The definition of wanton or reckless is well established in West Virginia:

> The usual meaning assigned to "willful," "wanton" or "reckless," according to taste as to the word used, is that the actor has *intentionally* done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a *conscious* indifference to the consequences, amounting almost to willingness that they shall follow; and it has been said that this is indispensable.

Holsten v. Massey, 200 W. Va. 775, 788, 490 S.E.2d 864, 877 (1997) (quoting W. Prosser, *Handbook of the Law of Torts* 185 (4th ed.1971)).

District Courts in West Virginia have examined the statutory exception at issue in this case when denying motions for summary judgment in other contexts, finding a jury could conclude a defendant's behavior was wanton or reckless. In one case, the court denied summary judgment where a principal had some awareness of a teacher's questionable interactions with his minor students. As it turned out, the teacher was sexually assaulting multiple students. The court concluded, "a reasonable jury could find that . . . [the principal's] 'acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.'" Arbaugh v. Bd. of Educ., Cnty. of Pendleton, 329 F. Supp. 2d 762, 771 (N.D. W. Va. 2004). In another case, a county employee was driving to complete an errand for work when he rearended the plaintiffs. Rosa v. Doe I, No. 5:22-CV-00403, 2024 WL 3584399 (S.D. W. Va. July 30, 2024). The court concluded that "[t]he jury will necessarily be required to consider the taking of certain inferences in resolving the matters" because the case "reduced to its essence, however, gives rise to a factual dispute." Id. at *2. So it is here.

Both parties present compelling arguments for viewing the evidence in a manner consistent with their arguments. When a court is faced with this situation, the path before it is clear: this case must be resolved by trial. Accordingly, Defendant Spain's Motion for Summary Judgment is denied.

## V. Conclusion

The Plaintiff's Motion for Default Judgment is **DENIED**. ECF No. 89. Defendant Spain's Motion for Leave to File Surreply is **DENIED**. ECF No. 97. Defendant Spain's Motion for Leave to File an Answer to the Amended Complaint is **GRANTED**, and Defendant Spain is **DIRECTED to file his Answer within seven days**. ECF No. 92. Plaintiff's Motion for Partial Summary Judgment is **DENIED**. ECF Nos. 104 & 105. Defendant Spain's Motion for Summary Judgment is also **DENIED**. ECF No. 106. Finally, the Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record.

**DATED**: September 9, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE